No. 35,731

THEODORE CLARK SMITH, *Appellant*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee.*

(132 P. 2d 395)

Opinion filed January 9, 1943.

*Theodore Clark Smith* argued the cause *pro se.*

*Shelley Graybill,* assistant attorney general, argued the cause, and *Jay S. Parker,* attorney general, and *William H. Biddle,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is an appeal from a judgment of the district court of Leavenworth county, which denied the appellant a writ of habeas corpus and remanded him to the custody of the warden of the state penitentiary.

The appellant makes two assignments of error: (1) The court erred in not properly investigating the subject matter, and (2) the court erred in denying the petitioner a writ of habeas corpus.

On the 3d day of August, 1940, in the district court of Barton county, the appellant entered a plea of guilty to an information charging him with the crime against nature, and his punishment was fixed by confinement in the penitentiary for a period not to exceed ten years. The first error assigned seems to be that the district court erred in not inquiring into the legality of the judgment entered in Barton county. As appellant's term of commitment had not expired, under our statute G. S. 1935, 60-2213, the legality of the judgment and process under and by virtue of which appellant is confined cannot be inquired into upon the application for the writ. There is no merit in the first assignment of error.

At the hearing upon the application for the writ, appellee intro-

duced in evidence the information, journal entry, and other proceedings in Barton county. The journal entry recites:

"Now, on this 3d day of August, A.D. 1940, same being a judicial day of the regular June, 1940, term of said court, the matter comes before the Honorable Chas. L. Carroll, judge pro tem, for its consideration upon the information filed herein, charging this defendant with the commission of a crime against nature. Present in court are the plaintiff by Melvin O. Nuss, county attorney, and the defendant appearing in person.

"Thereupon, the defendant, in response to inquiry of the court, does inform the court that he does not wish the appointment of counsel. After being fully advised by the court as to his constitutional right by assistance of counsel and after having been so advised and intelligently understanding what he was doing, he waived such right and informed the court that he understood the charge contained in the information and is ready to plead thereto.

"Whereupon, the defendant was arraigned and entered a plea of guilty to the crime against nature as charged in the information. The court further finds that the plea of the defendant was given freely and voluntarily and was made in open court in the presence of the officers thereof.

"The court inquired of the defendant if he had any legal reason to offer why the judgment and sentence of the court should not be pronounced upon him, and the defendant giving no just cause or reason, the court pronounced judgment and sentence upon the defendant, Theodore Clark Smith, as follows, to wit:

"It is the judgment and sentence of the court that the defendant, Theodore Clark Smith, under his plea of guilty to the crime against nature as charged in the information, be punished by confinement and hard labor at the Kansas state penitentiary, located at Lansing, Kan., for a period not to exceed ten (10) years, and until discharged according to law."

The record does not show that any evidence was offered or introduced on behalf of the appellant.

On the record before us the application for the writ was properly denied. The judgment is affirmed.